| | |
|---|---|
| In re: ) <br> ) <br> PARTSEARCH TECHNOLOGIES, INC.,[1] ) <br> ) <br> Debtor ) <br> ) | Chapter 11 <br><br> Case No. 11-10282 (MG) |

**ORDER (A) AUTHORIZING AND APPROVING AUCTION AND SALE PROCEDURES IN CONNECTION WITH THE DEBTOR'S ASSET SALE, INCLUDING STALKING HORSE BID PROTECTIONS, (B) APPROVING THE FORM AND MANNER OF NOTICE OF THE ASSET SALE AND THE HEARING THEREON, (C) APPROVING THE FORM AND MANNER OF THE CONTRACT NOTICE AND THE ASSUMPTION NOTICE, (D) ESTABLISHING DATES AND DEADLINES RELATING TO BIDDING AND ASSET SALE APPROVAL, AND (E) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") seeking entry of an order (a) authorizing and approving auction and sale procedures in connection with the receipt and analysis of competing bids for substantially all of the assets of the Debtor, including stalking horse bidder protections; (b) approving the form and manner of notice of the Sale and hearing thereon, substantially in the form annexed as Exhibit E to the Motion; (c) (i) approving the form and manner of the Contract Notice, substantially in the form annexed as Exhibit F to the Motion, and (ii) approving the form and manner of the Contract Notice, substantially in the form annexed as Exhibit G to the Motion; (d) establishing the following dates and deadlines set forth in the Motion; and (e) other related relief, pursuant to Sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2002-1, 6004-1, 6006-1 and 9006-1(b) of the Local Bankruptcy

---

[1] The last four digits of the Debtor's taxpayer identification number are: 5335. Partsearch Technologies, Inc. is a Delaware corporation qualified to do business in the State of New York.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

Rules for the Southern District of New York (the "Local Bankruptcy Rules") and the Amended Guidelines for the Conduct of Asset Sales established and adopted by the United States Bankruptcy Court for the Southern District of New York pursuant to General Order M-383 (the "Sale Guidelines"); and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on February 14, 2011 (the "Sale Procedures Hearing"); and this Court having reviewed the Motion and the exhibits thereto and the arguments of counsel made and the evidence proffered or adduced, as applicable, at the Sale Procedures Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Sale Procedures Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and this Court having found the form and manner of notice of the Sale Procedures Hearing is good, sufficient and appropriate under the circumstances and that no other or further notice need be provided or is necessary; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY FOUND THAT:

1. **Sale Procedures**. The Debtor has articulated good and sufficient reasons for authorizing and approving the sale procedures annexed hereto as Exhibit A (the "Sale Procedures"), which are fair, reasonable and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of, the Purchased Assets.

2. **Stalking Horse Bid Protections**. The Debtor has demonstrated a compelling and

sound business justification for authorizing the payment of a break-up fee (the "Break-Up Fee" or "Bid Protections") to the Stalking Horse Bidder under the circumstances, including, without limitation, that:

   a. the Bid Protections are the product of negotiations among the Debtor and the Stalking Horse Bidder conducted in good faith and at arm's-length, and the APA (including the Bid Protections) is the culmination of a process undertaken by the Debtor and its professionals to negotiate a transaction with a bidder who was prepared to pay the highest or otherwise best purchase price to date for the Purchased Assets in order to maximize the value of the Debtor's estate;

   b. the Bid Protections are an actual and necessary cost and expense of preserving the Debtor's estate;

   c. the Bid Protections are fair, reasonable and appropriate in light of, among other things, the size and nature of the proposed Sale under the APA, the substantial efforts that have been and will be expended by the Stalking Horse Bidder, notwithstanding that the proposed Sale is subject to higher or better offers, and the substantial benefits the Stalking Horse Bidder has provided to the Debtor, its estate and creditors and all parties in interest herein, including, among other things, by increasing the likelihood that the best possible price for the Purchased Assets will be received;

   d. the protections afforded to the Stalking Horse Bidder by way of the Bid Protections were material inducements for, and express conditions of, the Stalking Horse Bidder's willingness to enter into the APA, and were necessary to ensure that the Stalking Horse Bidder would continue to pursue the proposed acquisition on terms acceptable to the Debtor in its sound business judgment, subject to competitive bidding; and

   e. the assurance of the payment of the Bid Protections has promoted more competitive bidding by inducing the Stalking Horse Bidder's bid, which may be the highest and best available offer for the Purchased Assets, and which induced the Stalking Horse Bidder to submit a bid that will serve as a minimum or floor bid on which all other bidders can rely and increases the likelihood that the final purchase price reflects the true value of the Purchased Assets.

3. **Assumption and Assignment Procedures**. The Motion, the Contract Notice and the Assumption Notice are reasonably calculated to provide counterparties to the Assumed Contracts with proper notice of the potential and actual assumption and assignment of their

executory contracts, the Cure Costs (if any) relating thereto and the Assumption and Assignment Procedures. The Assumption and Assignment Procedures are reasonably calculated to facilitate the fair and orderly assumption and assignment of the Assumed Contracts.

4. **Sale Notice**. The Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including, without limitation: (i) the date, time and place of the Auction (if one is held); (ii) how to access the Sale Procedures and the dates and deadlines related thereto; (iii) the objection deadline for the Sale Motion and the date, time and place of the Sale Hearing (as defined below); (iv) reasonably specific identification of the Purchased Assets; (v) how to access a copy of the APA; (vi) representations describing the Sale as being free and clear of liens, claims, interests and other encumbrances, with all such liens, claims, interests and other encumbrances attaching with the same validity and priority to the sale proceeds; and (vii) notice of the commitment by the Stalking Horse Bidder to assume certain liabilities of the Debtor.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

**I.** **Important Dates and Deadlines**

1. **Sale Hearing**. March 25, 2011, at 10:00 a.m. prevailing Eastern Time, is the date and time the sale hearing (the "Sale Hearing") will be held before the Honorable Martin Glenn, United States Bankruptcy Judge for the Bankruptcy Court for the Southern District of New York, at: Courtroom No. 501, One Bowling Green, New York, NY 10004. Any obligations of the Debtor set forth in the APA that are intended to be performed prior to the Sale Hearing and/or entry of the Sale Order pursuant to the APA are authorized as set forth herein and are fully enforceable as of the date of entry of this Order. **Please take notice that** the Sale Hearing may be adjourned by this Court or the Debtor from time to time without further notice other than by

announcement in open court or on this Court's calendar.

2. **Sale Objection Deadline**. March 23, 2011 at 5:00 p.m. prevailing Eastern Time, is the deadline to object to entry of the proposed Sale Order, the assumption and assignment of Assumed Contracts and/or cure costs related thereto (the "Sale Objection Deadline"). Objections, if any, **must**: (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefore; and (iv) be filed with this Court and served so *actually received* no later than the Sale Objection Deadline by the following parties (the "Objection Notice Parties"):

| Debtor | Counsel to Debtor |
|---|---|
| Partsearch Technologies, Inc.<br>708 Third Avenue, 5th Floor<br>New York, NY 10017<br>Attn: Lawton W. Bloom, CRO<br>Fax: (845) 340-8986 | Brown Rudnick LLP<br>7 Times Square<br>New York, NY 10036<br>Attn: William R. Baldiga, Esq.<br>Attn: Nina E. Andersson, Esq.<br>Attn: Caleb B. Piron, Esq.<br>Fax: (212) 209-4801 |
| **Counsel to the Stalking Horse Bidder** | **United States Trustee** |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attn: Adam C. Rogoff, Esq.<br>Attn: Anupama Yerramalli<br>Fax: (212) 715-8000<br>Email: arogoff@kramerlevin.com<br>Email: ayerramalli@kramerlevin.com | Office of the United States Trustee<br>for the Southern District of New York<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004<br>Attn: Susan Golden, Esq. |

| **Counsel to the Creditors' Committee** |
|---|
| Halperin Battaglia Raicht, LLP<br>Alan D. Halperin<br>555 Madison Avenue-9th Floor<br>New York, NY 10022-3301<br>Fax: (212) 765-0964<br>Email: ahalperin@halperinlaw.net |

**The failure to timely file an objection in accordance with this Order shall forever bar the assertion of any objection to the Motion, entry of the Sale Order and/or consummation of the Sale, including the assumption and assignment of contracts to the Successful Bidder pursuant to the APA, and shall be deemed to constitute any such party's consent to entry of the Sale Order and consummation of the Sale and all transactions related thereto.**

3. **Response Deadline**. March 24, 2011, is the deadline for filing a response with this Court to any timely-filed objection to entry of the Sale Order, the assumption and assignment of Assumed Contracts and/or cure costs related thereto; *provided*, that such deadline may be extended by agreement of the Debtor and the affected objecting party.

4. **Competitive Bidding**. The following dates and deadlines regarding competitive bidding are hereby established (subject to modification as needed):

    a. *Qualified Bid Deadline*: March 20, 2011 at 6:00 p.m. prevailing Eastern Time, is the deadline by which all "Qualified Bids" (as defined in the Sale Procedures) must be *actually received* by the parties specified in the Sale Procedures (the "Bid Deadline"); and

    b. *Auction*: March 22, 2011 at 11:00 a.m. prevailing Eastern Time, is the date and time the Auction, if one is needed, will be held at the offices of counsel to the Debtor: Brown Rudnick LLP, 7 Times Square, New York, NY 10036.

## II. Sale Procedures and Related Relief

5. The Sale Procedures, substantially in the form annexed hereto as Exhibit A and incorporated by reference as though fully set forth herein, are hereby approved. The Sale

Procedures shall govern the submission, receipt and analysis of all bids relating to the proposed Sale, and any party desiring to submit a higher or better offer for the Purchased Assets shall do so strictly in accordance with the terms of the Sale Procedures and this order.

6. The Bid Protections described in the Motion are hereby approved. The Debtor is authorized to pay any and all amounts owing to the Stalking Horse Bidder in accordance with the terms of the APA, including the Break-up Fee, without further order of this Court, except as otherwise provided herein. Seller shall make payment of the Break-Up Fee pursuant to the APA and Purchaser shall not be required to wait for payment of the Break-Up Fee until the Debtor pays other administrative expense claims in the Seller Chapter 11 Case.

7. As described in the Sale Procedures, if the Debtor does not receive any Qualified Bids other than from the Stalking Horse Bidder or if no Qualified Bidder other than the Stalking Horse Bidder indicates its intent to participate in the Auction, the Debtor will not hold the Auction, the Stalking Horse Bidder will be named the Successful Bidder and the Debtor will seek approval of the APA at the Sale Hearing. If one or more Qualified Bids is timely received from a Qualified Bidder (other than the Stalking Horse Bidder) in accordance with the Sale Procedures, the Debtor shall conduct the Auction as set forth herein.

8. If the Auction is conducted, each Qualified Bidder participating in the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding process or the Sale. The Auction will be conducted openly and shall be transcribed or videotaped.

### III. Assumption and Assignment Procedures

9. The following procedures regarding the assumption and assignment of certain executory contracts in connection with the Sale are hereby approved to the extent set forth herein, and shall govern the assumption and assignment of all executory contracts proposed to be

assumed by the Debtor pursuant to Section 365(b) of the Bankruptcy Code and assigned to the Stalking Horse Bidder (or other successful bidder following the Auction, if any) pursuant to Section 365(f) of the Bankruptcy Code under the APA:

a. **Contract Notice**. As soon as practicable after the entry of this Order, the Debtor shall file with the Court and serve on all non-debtor counterparties (the "Contract Notice Parties") to any executory contract that may be assumed by the Debtor and assigned to the Successful Bidder, a "Contract Notice" in the form annexed as Exhibit F to the Motion that identifies, to the extent applicable: (i) the contract that may be an Assumed Contract; (ii) the name of the counterparty to such contract; (iii) the cure costs (if any) for such contract if it becomes an Assumed Contract; and (iv) the deadline by which any such Contract Notice Party must file any Objection to the proposed assumption and assignment (which deadline shall be the Sale Objection Deadline); provided, however, if the Successful Bidder identified for assumption and assignment any additional executory contract(s) after the Sale Objection Deadline ("Contract Election"), then the Seller shall file with the Court and serve on the applicable non-Debtor contract party a Contract Notice, which establishes an objection deadline (the "Additional Contract Deadline") for that additional Assumed Contract(s), which Contract Notice shall be filed and served no later than one (1) business day after the Successful Bidder notifies Seller of the Contract Election; provided, further, however, that the presence of a contract on a Contract Notice does not constitute an admission that such contract is an executory contract. As soon as practicable after the selection or designation of the Successful Bid, the Debtor shall file with the Court and serve on the Contract Notice Parties a further notice in the form annexed as Exhibit G to the Motion (the "Assumption Notice") identifying the Successful Bidder and stating which executory contracts and unexpired leases (if any) will be Assumed Contracts, and no other or further notice will be required with respect to the Assumed Contracts.

b. **Objections**. Objections, if any, to the assumption and assignment of any contract, proposed cure costs (if any) or adequate assurance of future performance proposed with respect thereto must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules and Local Bankruptcy Rules; (iii) state with specificity the nature of the objection and, if to the cure amount proposed by the Debtor, the cure costs alleged by the objecting party, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with this Court and served upon so as to be *actually received* by the Objection Notice Parties on or before the Sale Objection Deadline or, if applicable, the Additional Contract Deadline; provided, further, that if, following the Auction, the Stalking Horse Bidder is not the Successful Bidder, the deadline for such counterparties shall be automatically extended through and until the

commencement of the Sale Hearing.

c. **Dispute Resolution**. If the parties are not able to consensually resolve any such objection prior to the Sale Hearing, the dispute will be heard at the Sale Hearing (or such other date as fixed by this Court).

d. **Purchaser Designation Rights**. From the time of entry of the Sale Procedures Order until closing of the Sale, Purchaser shall have the right to (i) designate additional executory contracts and unexpired leases for assumption and assignment and (ii) exclude from assignment executory contracts and unexpired leases previously designated by Purchaser for assumption and assignment (the "Purchaser Designation Rights"). Upon Purchaser's exercise of the Purchaser Designation Rights, the Debtor shall notice each non-debtor counterparty to a contract or lease impacted by such exercise of the Purchaser Designation Rights. No later than seven (7) days after the service of such notice, the Debtor will seek a proposed order from this Court approving the assumption of the contract to be assumed pursuant to the Purchaser Designation Rights and finding that the Successful Bidder provided adequate assurance of future performance under Section 365(f)(2)(B) of the Bankruptcy Code.

10. Any party failing to timely file an objection to the assumption and assignment of any contract or related cure costs (if any) listed on the Contract Notice shall be forever barred from objecting thereto, including asserting any additional cure or other default amounts against the Debtor or the Debtor's estate, the Stalking Horse Bidder or other Successful Bidder with respect to such executory contract(s) and shall be deemed to (i) consent to the Sale and the assumption and assignment of such executory contract(s) effectuated in connection therewith and (ii) agree that the Purchasers have provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code.

IV. **Sale Notice and Related Relief**

11. The Sale Notice, substantially in the form annexed as Exhibit E to the Motion, is hereby approved. Within three (3) calendar days of the entry of this order, the Debtor shall cause the Sale Notice to be served upon the following parties: (i) the Office of the United States Trustee; (ii) all parties who are known or reasonably believed to have asserted any lien,

encumbrance, claim or other interest in the assets offered for sale; (iii) those creditors listed on the Debtor's Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (iv) all entities who are parties to executory contracts and unexpired leases (if any) to be assumed and assigned or rejected as part of the proposed transaction; (v) those parties requesting notice pursuant to Bankruptcy Rule 2002; (vi) all affected federal, state and local regulatory and taxing authorities, including the Internal Revenue Service. The Sale Notice will also be provided to all entities known or reasonably believed to have expressed interest in acquiring the Purchased Assets of the Debtor offered for sale.

12. The Debtor is authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

13. The Motion is granted to the extent set forth herein, and all objections or other responses to the Motion are overruled or resolved on the terms set forth herein.

14. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

15. This Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from, based upon or related to this order.

Date: February 14, 2011 /s/Martin Glenn_____
      New York, New York United States Bankruptcy Judge

# 1798741