UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| PARTSEARCH TECHNOLOGIES, INC.,[1] ) | |
| ) | Case No. 11-10282 (MG) |
| Debtor ) | |
| ) | |

### ORDER GRANTING MOTION OF DEBTOR FOR ORDER (I) APPROVING SECOND MODIFIED DISCLOSURE STATEMENT; (II) ESTABLISHING VOTING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; (III) APPROVING FORM OF BALLOTS; AND (IV) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES

Upon consideration of the Motion of the Debtor for an Order (i) Approving Disclosure Statement; (ii) Establishing Voting Deadline and Procedures for Filing Objections to Confirmation of Plan; (iii) Approving Form of Ballot; and (iv) Establishing Solicitation and Tabulation Procedures (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor"), the Limited Objection and Reservation of Rights of Certain Former and Current Directors to the First Modified Disclosure Statement in Support of the Debtor's Plan of Reorganization (the "Former Directors' Objection") and the Objection of Pioneer Credit Opportunities Fund, L.P. to Motion of Debtor for Order (I) Approving the Disclosure Statement; (II) Establishing Voting Deadline and Procedures for Filing Objections to Confirmation of Plan; (III) Approving Form of Ballot; and (IV) Establishing Solicitation and Tabulation Procedures (the "Pioneer Objection" and together with the Former Directors' Objection, the "Objections"); and it appearing that adequate and sufficient notice of the Motion has been given under the

---

[1] The last four digits of the Debtor's taxpayer identification number are: 5335. Partsearch Technologies, Inc. is a Delaware corporation qualified to do business in the State of New York.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings attributed to them in the Motion.

circumstances; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve the Disclosure Statement has been given; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtor, its Estate, Claimholders and other parties in interest; and sufficient cause appearing thereof, the Court finds that the Motion is meritorious and should be and hereby is GRANTED. It is therefore:

ORDERED that:

1. The Objections are addressed by the Disclosure Statement or otherwise are hereby OVERRULED.

2. The Disclosure Statement, as modified by the Second Modified Disclosure Statement, is hereby APPROVED in all respects pursuant to 11 U.S.C. § 1125.

3. A hearing to consider confirmation of the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as may be amended or modified, the "Plan") will be held on **October 4, 2011 at 10:00 a.m. Prevailing Eastern Time,** or as soon thereafter as counsel can be heard, before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court (the "Court"), One Bowling Green, Courtroom 501, New York, NY 10004 (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice other than the announcement at the Confirmation Hearing of the date or dates of any adjourned hearing. In addition, the Plan may be modified without further notice, prior to, at or as a result of the Confirmation Hearing.

4. The record date for purposes of voting to accept or reject the Plan is **August 23, 2011** (the "Voting Record Date").

5. The deadline for the receipt of ballots accepting or rejecting the Plan shall be **4:00**

**p.m. Prevailing Eastern Time, on September 23, 2011** (the "Voting Deadline"). For a Ballot to be counted, it must be actually received on or prior to the Voting Deadline at the applicable address indicated in the voting instructions that accompany the Ballot, unless counsel for the Debtor consents to counting an otherwise late-received Ballot.

6. The Debtor, through the Solicitation Agent, is authorized and directed to mail, or cause to be mailed, by United States Postal Service, first-class delivery, no later than **August 26, 2011**, to each of the Voting Holders of claims in Classes 2a and 2b and equity interests in Class 3 as of the Voting Record Date, copies of: (a) the Plan; (b) the Disclosure Statement and all exhibits and attachments thereto; (c) the Notice of Entry of Order (i) Approving Disclosure Statement, (ii) Establishing Voting Deadline and Procedures for Filing Objections to Confirmation of Plan, (iii) Approving Form of Ballot; and (iv) Establishing Solicitation and Tabulation Procedures; (d) a Ballot, including voting instructions; and (e) a pre-addressed, postage prepaid, return envelope (collectively, the "Solicitation Package").

7. No later than **August 26, 2011**, the Debtor shall mail or cause to be mailed the Notice of (i) Approval of Disclosure Statement; (ii) Non-Voting Status, (iii) Hearing to Consider Confirmation of the Plan; (iv) Summary of Plan Treatment of Claims and Equity Interests; and (v) Deadline and Procedures for Filing Objections to Confirmation of the Plan, in substantially the form attached as **Exhibit E** to the Motion (the "Plan Summary Notice"), to Holders of Administrative Claims, Priority Claims and Class 1 (Secured Claims).

8. Other than holders of claims in Classes 2a and 2b and holders of equity interests in Class 3, each of whom shall receive a Solicitation Package, the Debtor is not required to provide any part of the Solicitation Package to any other creditor (or alleged creditor) or other holder of equity interest, with the exception of (a) (i) parties to executory contracts and

unexpired leases that have not been assumed or rejected as of the Voting Record Date, who are not included in the Debtor's Schedules (other than Schedule G) and who have not timely filed a proof of claim; and (ii) parties included in the Debtor's master service list, which includes those parties requesting notice pursuant to Bankruptcy Rule 2002, all of whom shall be entitled to receive a Solicitation Package without a ballot; and (b) all other parties included in the Debtor's creditor matrix, who shall be entitled to receive the Notice of Entry of Disclosure Statement Order.

9. The Debtor is not required to serve the Solicitation Package on any person or entity for which the notice of the hearing on the approval of the Disclosure Statement has been returned by the United States Postal Service as undeliverable, unless the Debtor receives an accurate address for such addressee.

10. The Plan Summary Notice and the manner of service of the Plan Summary Notice and the Solicitation Package and the manner of service of the Solicitation Package set forth in the Motion satisfy the requirements of Bankruptcy Rule 3017(d).

11. The Ballots, substantially in the forms annexed to the Motion as Exhibits A, B and C, are hereby approved.

12. The Debtor is authorized to make non-substantive modifications to the Disclosure Statement and other documents in the Solicitation Package prior to distribution in order to insert dates and deadlines or make corrections or modifications of a typographical, conforming and/or ministerial nature.

13. Creditors in Classes 2a and 2b shall be entitled to vote in the dollar amount determined in accordance with the following hierarchy: (a) if an order has been entered by the Court determining the amount of such creditor's claim, then in the dollar amount prescribed by

said order, (b) if no such order has been entered, then in the non-contingent, liquidated amount contained in a timely filed proof of claim that is not the subject of an objection to expunge the claim as of the Voting Record Date; and (c) if no such proof of claim has been timely filed, then in the non-contingent, non-disputed, liquidated amount contained in Schedule F of the Debtor's Schedules. Holders of (a) filed claims that are wholly unliquidated and/or wholly contingent; and (b) scheduled claims that are contingent, unliquidated or disputed and/or in a zero or unknown amount and as to which a timely proof of claim has not been filed, are not entitled to vote. If a creditor or equity security holder casts a Ballot and has filed a proof of claim or equity interest that is the subject of an objection filed before the Voting Record Date, such Ballot shall not be counted, unless: (i) some portion of the creditor's claim or equity security holder's equity interest is not disputed, in which case such creditor's or equity security holder's Ballot shall only be counted up to the undisputed amount of the creditor's claim or equity security holder's equity interest; or (ii) the creditor's claim or equity security holder's equity interest is temporarily allowed by the Court for voting purposes in accordance with Bankruptcy Rule 3018, after notice and a hearing prior to the Confirmation Hearing. The Ballot instructions describe additional procedures and voting assumptions which are hereby approved.

14. The Debtor, through the Solicitation Agent, is authorized and directed to accept, review, determine the validity of and tabulate the Ballots and report to the Court on the votes for acceptance and rejection of the Plan, in a reasonable and customary manner.

15. Ballots received by the Solicitation Agent in the following categories shall not be counted as an acceptance or rejection of the Plan, unless otherwise ordered by the Court:

    a. Ballots where the holder or the holder's representative did not use the authorized form, or a form of Ballot substantially similar to such authorized form;

b. Ballots not received by the Solicitation Agent on or before the Voting Deadline (unless counsel for the Debtor consents to counting an otherwise late-received Ballot);

c. Ballots where the holder or the holder's authorized representative checked boxes indicating both acceptance and rejection of the Plan;

d. Ballots not signed by the holder or the holder's authorized representative;

e. Ballots where the individual or institution casting the Ballot (whether directly or as representative) was not a holder of a Class 2a General Unsecured Claim, Class 2b Best Buy Claim or Class 3 Equity Interests and Subordinated Equity Claim as of the Voting Record Date and, therefore, was not entitled to vote; and

f. Any Ballot that is illegible or contains insufficient information to permit the identification of the creditor.

16. The following voting procedures and standard assumptions will be used in tabulating Ballots:

a. For purposes of the numerosity requirements of Section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor or equity security holder in a particular class will be aggregated as if such creditor or equity security holder held one claim or equity interest, as the case may be, against the Debtor in such class, and the votes related to such claims or equity interests, as the case may be, will be treated as a single vote to accept or reject the Plan.

b. Creditors and equity security holders must vote all of their claims and equity interests within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple ballots with respect to multiple claims or equity interests within a single class) that partially rejects and partially accepts the Plan will not be counted.

c. Ballots that fail to indicate an acceptance or rejection of the Plan, but that are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

d. Only Ballots that are timely received with original signatures will be counted. Unsigned Ballots will not be counted. Ballots sent via facsimile or email will not be counted unless the holder receives the written consent of the counsel for the Debtors.

e. If prior to the Voting Deadline, a Voting Holder casts more than one Ballot for the same claim or equity interest, the last properly completed Ballot received by the Solicitation Agent prior to the Voting Deadline will be deemed to reflect the Voting Holder's intent and to supersede any prior Ballot.

17. The Solicitation Agent shall be authorized, but not required, to contact any creditors who submit ballots that are invalid, but curable, to alert such creditors that their ballots will not be counted absent curative action.

18. **September 23, 2011 at 4:00 p.m. Prevailing Eastern Time** is fixed as the last day for filing and serving written objections, comments or responses to confirmation of the Plan, including any supporting memoranda. Any objections to confirmation of the Plan must be in writing and must (a) specify a caption setting forth the name of the court, the case number and title of the objection to which the response is directed, (b) state the name and address of the objector and the amount of its claim or the nature of its interest in the Debtor's chapter 11 case, (c) specify the basis and nature of the objection, and (d) be filed with the Clerk of the Bankruptcy Court, together with proof of service, and served upon the following parties: (i counsel to the Debtor, Brown Rudnick LLP, 7 Times Square, New York, New York 10036, Attn: William R. Baldiga, Esq.; (ii) counsel to the Official Committee of Unsecured Creditors, Halperin Battaglia Raicht, LLP, 555 Madison Avenue, 9th Floor, New York, New York 10022, Attn: Alan D. Halperin, Esq.; and (iii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Susan Golden, Esq. (collectively, the "<u>Notice Parties</u>"). In order to preserve an objection, anyone filing an objection to confirmation must also attend the Confirmation Hearing, either in person or through counsel, except that a corporation may appear only through counsel. Any objections not filed and served as set forth above shall be deemed waived and shall not be considered by the Court.

19. The Debtor and any other party supporting the Plan may file with the Court and serve on the applicable objecting party any response to a timely filed objection to confirmation of the Plan by **September 28, 2011 at 4:00 p.m. Prevailing Eastern Time**.

20. The Debtor and other parties in interest may seek further clarification from the Court on vote tabulation and the solicitation process, and retain the right to object or raise any issue with respect to any Ballot.

Dated: New York, New York
      August 25, 2011

                                      **/s/Martin Glenn**
                                      The Honorable Martin Glenn
                                      United States Bankruptcy Judge