UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: )
 ) Chapter 11
PARTSEARCH TECHNOLOGIES, INC.,[1] )
 ) Case No. 11-10282 (MG)
   Debtor. )
 )
 )

**DECLARATION OF PATRICK M. LEATHEM OF THE GARDEN CITY GROUP, INC. CERTIFYING THE METHODOLOGY FOR THE TABULATION OF VOTES ON AND RESULTS OF VOTING WITH RESPECT TO THE DEBTOR'S FIRST MODIFIED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**INTRODUCTION**

1. I am an Assistant Director with The Garden City Group, Inc. ("GCG") and have personal knowledge of the facts set forth herein. GCG is a bankruptcy and class action settlement administration firm headquartered in Lake Success, New York.

2. Pursuant to the Order Pursuant to Sections 327(a), 328(a), 330 and 331 of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York for an Order Authorizing the Employment and Retention of The Garden City Group, Inc. as Administrative Agent dated February 2, 2011 (Docket No. 23), the Debtor retained GCG to assist the Debtor with, *inter alia*, the solicitation and tabulation of votes in connection with the First Modified Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated August 16, 2011 (Docket No. 305) (the "Plan").[2]

3. On August 24, 2011, the Debtor filed with this Court the Second Modified Disclosure Statement in Support of the Debtor's Plan of Reorganization under Chapter 11 of the

---

[1] The last four digits of the Debtor's tax identification number are: 5335. Partsearch Technologies, Inc. is a Delaware corporation qualified to do business in the State of New York.
[2] Capitalized terms used and not otherwise defined herein shall have the meaning given to them in the Plan and/or the Solicitation Procedures Order (as hereinafter defined).

Bankruptcy Code (Docket No. 336) (together with all Exhibits thereto, including the Plan, the "Disclosure Statement"). On August 25, 2011, the Court entered the Order Granting Motion of Debtors for Order (I) Approving Disclosure Statement; (II) Establishing Voting Deadline and Procedures for Filing Objections to Confirmation of Plan; (III) Approving Form of Ballots; and (IV) Establishing Solicitation and Tabulation Procedures (Docket No. 337) (the "Solicitation Procedures Order"), governing, among other things, the solicitation of votes to accept or reject the Plan from the following classes (the "Voting Classes"):

| CLASS | DESCRIPTION |
|---|---|
| Class 2a | General Unsecured Claims |
| Class 2b | Best Buy Claim |
| Class 3 | Equity Interests and Subordinated Equity Claims |

**MAILING OF SOLICITATION PACKAGES**

4. On August 26, 2011, in accordance with the Solicitation Procedures Order:

(a) GCG caused a true and correct copy of the Notice of (i) Approval of Disclosure Statement; (ii) Non-Voting Status; (iii) Hearing to Consider Confirmation of the Plan; (iv) Summary of Plan Treatment of Claims and Equity Interests; and (v) Deadline and Procedures for Filing Objections to Confirmation of the Plan to be served by first class mail, postage prepaid, on the parties comprising Class 1 (Secured Claims), Administrative Claims, and Priority Claims;

(b) GCG caused a true and correct copy of the following documents to be served by first class mail, postage prepaid, on the parties comprising Class 2a (General Unsecured Claims): (i) Notice of Entry of Order (I) Approving Disclosure Statement; (II) Establishing Voting Deadline and Procedures for Filing Objections to Confirmation of Plan; (III) Approving Form of Ballots; and (IV) Establishing Solicitation and Tabulation Procedures (the

2

"Confirmation Hearing Notice"); (ii) the Disclosure Statement (including, attached as exhibits, the Plan and the Solicitation Procedures Order) (the "Disclosure Statement Book"); and (iii) Class 2a Ballot for Accepting or Rejecting the Debtor's Chapter 11 Plan, together with a postage prepaid, preaddressed return envelope (the "Return Envelope");

(c) GCG caused a true and correct copy of the following documents to be served by first class mail, postage prepaid, on the parties comprising Class 2b (Best Buy Claim): (i) Confirmation Hearing Notice; (ii) Disclosure Statement Book; and (iii) Class 2b Ballot for Accepting or Rejecting the Debtor's Chapter 11 Plan, together with a Return Envelope;

(d) GCG caused a true and correct copy of the following documents to be served by first class mail, postage prepaid, on the parties comprising Class 3 (Equity Interests and Subordinated Equity Claims): (i) Confirmation Hearing Notice; (ii) Disclosure Statement Book; and (iii) Class 3 Ballot for Accepting or Rejecting the Debtor's Chapter 11 Plan, together with a Return Envelope;

(e) GCG caused a true and correct copy of the following documents to be served by first class mail, postage prepaid, on the parties comprising parties to executory contract parties that have not been assumed or rejected as of the Voting Record Date, and are not otherwise captured in paragraphs "4(a)" through "4(d)" above, and on the parties comprising the Master Service List: (i) Confirmation Hearing Notice; and (ii) Disclosure Statement Book; and

(f) GCG caused a true and correct copy of the Confirmation Hearing Notice to be served via first class mail on all parties in the creditor matrix maintained by GCG who did not fall within the categories described in paragraphs "4(a)" through "4(e)" above.

*See* Affidavit of Service, Docket No. 344.

5. GCG promptly complied with all requests for additional or replacement solicitation materials and/or, in the case of parties entitled to vote, Ballots.

## TABULATION PROCEDURES

6. Pursuant to the Solicitation Procedures Order, members of the Voting Classes were to return the applicable Ballots to Partsearch Technologies, Inc., c/o The Garden City Group, Inc., P.O. Box 9686, Dublin, OH 43017-9686 or if by hand delivery or overnight courier, to Partsearch Technologies, Inc., c/o The Garden City Group, Inc., 5151 Blazer Parkway, Suite A, Dublin, OH 43017, so as to be received by GCG no later than 4:00 p.m. (prevailing Eastern time) on September 23, 2011 (the "Voting Deadline").

7. Upon GCG's receipt of a Ballot:

(a) GCG personnel opened the envelope containing the Ballot and stamped it with the date and time received. GCG personnel then scanned the Ballot into GCG's system and assigned a sequential number to the Ballot (the "Sequence Number"); and

(b) GCG personnel then entered into a computer database, reserved exclusively for recording votes in these cases, all pertinent information from the Ballot, including the date and time of receipt, Sequence Number, voting dollar amount or share amount, and acceptance or rejection of the Plan.

8. In accordance with the Solicitation Procedures Order, each Claim within a Voting Class was temporarily allowed for voting purposes in a dollar or share amount based upon the following:

(a) For Class 2a and Class 2b:

(i) if an order has been entered by the Court determining the amount of a creditor's claim, then in the dollar amount prescribed by said order;

(ii) if no such order has been entered, then in the non-contingent, liquidated amount contained in a timely filed proof of claim that was not the subject of an objection to expunge the claim as of the Voting Record Date; or if no such proof of claim had

been timely filed, then in the non-contingent, non-disputed, liquidated amount contained in Schedule F of the Debtor's Schedules; and

(iii) if the claim was the subject of an objection filed before the Voting Record Date, then in the undisputed portion of the claim; or if the claim was temporarily allowed by the Court for voting purposes in accordance with Bankruptcy Rule 3018, then in the amount temporarily allowed by the Court.

(b) For Class 3: in the share amount reflected in the registrer of equity holders maintained by the Debtor as of the Voting Record Date.

9. In accordance with the Solicitation Procedures Order, the following Ballots were not counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

(a) Any Ballot where the holder or holder's representative did not use the authorized form, or a form of Ballot substantially similar to the authorized form;

(b) Any Ballot not received by GCG on or before the Voting Deadline (unless counsel for the Debtor consented to counting an otherwise late received Ballot);

(c) Any Ballot which indicated both acceptance and rejection of the Plan;

(d) Any Ballot that failed to indicate either an acceptance or rejection of the Plan;

(e) Any unsigned Ballot;

(f) Any Ballot sent via facsimile or email;

(g) Any Ballot cast by an individual or institution who was not a holder of a claim in Class 2a, Class 2b or Class 3 as of the Voting Record Date; and

(h) Any Ballot that was illegible or contained insufficient information to permit the identification of the holder.

5

10. Pursuant to the Solicitation Procedures Order, GCG tabulated all of the Ballots in accordance with the following procedures and assumptions:

(a) For purposes of the numerosity requirements of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor or equity security holder in a particular Class were aggregated as if such creditor or equity security holder held one Claim against the Debtor in such Class, and the votes related to such claims or equity interests were treated as a single vote to accept or reject the Plan; and

(b) If multiple Ballots were received from an individual voting holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received was deemed to reflect such holder's intent and superseded and revoked any prior dated Ballot.

11. GCG complied in all respects with the provisions of the Solicitation Procedures Order, including as to provisions thereof not explicitly set forth herein.

12. GCG is in possession of the Ballots received, and same are available for review during GCG's regular business hours at GCG, 5151 Blazer Parkway, Suite A, Dublin, OH 43017.

## TABULATION RESULTS

13. The results of the tabulation of valid Ballots are set forth below:

| CLASS | ACCEPT THE PLAN | | REJECT THE PLAN | |
|---|---|---|---|---|
| | Dollar/Share Amount Voted/ Percentage of Total Dollar/Share Amount | Number of Votes/ Percentage of Number of Votes | Dollar/Share Amount Voted/ Percentage of Total Dollar/Share Amount | Number of Votes/ Percentage of Number of Votes |
| 2a | $4,264,481.14 / 100% | 21 / 100% | $0.00 / 0% | 0 / 0 % |
| 2b | $12,297,178.00 / 100% | 1 / 100% | $0.00 / 0% | 0 / 0 % |
| 3 | 41,280 shares / 31.23% | 1 / 33.33% | 90,910 shares / 68.77% | 2 / 66.67% |

14. <u>Exhibit A</u> attached hereto sets forth a detailed accounting of the aforesaid tabulations.

15. <u>Exhibit B</u> attached hereto sets forth a detailed accounting of all invalid Ballots. Because each voter is only entitled to a single vote for numerosity purposes on account of all of its Claims in a voting Class, Contrarian Funds, LLC's ("<u>Contrarian</u>") Ballots 20 and 21 and Pioneer Credit Opportunities Fund, LP's ("<u>Pioneer</u>") Ballots 23, 24, 25 and 26 have been invalidated, and the Claim amounts on said Ballots have been respectively aggregated into the Claim amounts assigned to Contrarian's valid Ballot 19 and Pioneer's valid Ballot 22.

16. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

<u>/s/ Patrick M. Leathem</u>
Patrick M. Leathem

Dated: September 27, 2011

# EXHIBIT A

### Class 2A

| Ballot Type | Ballot ID & Record Holder Name | $ Value Accepting | $ Value Rejecting |
|---|---|---:|---:|
| General | #16: AMERICAN TV & APPLIANCE OF MADISON INC | $3,222.14 | $.00 |
| General | #4: APPLIANCE PARTS DEPOT | $289,233.58 | $.00 |
| General | #1: ARGO PARTNERS | $2,734.12 | $.00 |
| General | #29: BEST BUY CANADA LTD. | $1,264.20 | $.00 |
| General | #28: BEST BUY CO. INC. | $41,207.25 | $.00 |
| General | #31: BESTBUY.COM, LLC | $71,446.20 | $.00 |
| General | #19: CONTRARIAN FUNDS, LLC | $679,123.96 | $.00 |
| General | #15: CORECENTRIC SOLUTIONS INC | $41,801.99 | $.00 |
| General | #5: DEISING'S BAKERY | $690.75 | $.00 |
| General | #27: ENCOMPASS PARTS DISTRIBUTION INC | $117,962.66 | $.00 |
| General | #13: ENGINE WAREHOUSE, INC | $6,588.83 | $.00 |
| General | #14: FRAGOMEN, DEL REY, BERNSEN & LOEWY LLP | $4,224.00 | $.00 |
| General | #12: FREEMAN DECORATING SERVICES INC | $775.10 | $.00 |
| General | #8: INGRAM MICRO | $145,530.38 | $.00 |
| General | #17: INTERNATIONAL COMPUTERWARE INC | $12,000.00 | $.00 |
| General | #22: PIONEER CREDIT OPPORTUNITIES FUND, LP | $1,557,330.37 | $.00 |
| General | #2: RELIABLE PARTS INC | $163,116.24 | $.00 |
| General | #10: SHOPJIMMY.COM, LLC | $52,619.00 | $.00 |
| General | #3: TECHCITY 22,23 & 24,LLC | $232,949.19 | $.00 |
| General | #9: VIZPARTS.COM | $21,645.97 | $.00 |
| General | #18: WILSON SONSINI GOODRICH & ROSATI P.C. | $819,015.21 | $.00 |

**Total for Class 2A**

| | | |
|---|---:|---|
| Total # of Votes Reported: | 21 | |
| Total # of Votes Accepting: | 21 | (100.00%) |
| Total # of Votes Rejecting: | 0 | (0.00%) |
| Total Value in Dollars of Votes Reported: | $4,264,481.14 | |
| Total Value in Dollars Voting to Accept: | $4,264,481.14 | (100.00%) |
| Total Value in Dollars Voting to Reject: | $.00 | (0.00%) |

BLT01  
BLT01069

**Detail Report of Voting Results**

PST BANKRUPTCY ADMINISTRATION

Page 2 of 2  
27-Sep-11  4:26 PM

### Class 2B

| Ballot Type | Ballot ID & Record Holder Name | $ Value Accepting | $ Value Rejecting |
|---|---|---|---|
| General | #30: BEST BUY CO INC | $12,297,178.00 | $.00 |

**Total for Class 2B**

| | | |
|---|---|---|
| Total # of Votes Reported: | 1 | |
| Total # of Votes Accepting: | 1 (100.00%) | |
| Total # of Votes Rejecting: | 0 (0.00%) | |
| Total Value in Dollars of Votes Reported: | $12,297,178.00 | |
| Total Value in Dollars Voting to Accept: | $12,297,178.00 (100.00%) | |
| Total Value in Dollars Voting to Reject: | $.00 (0.00%) | |

### Class 3

| Ballot Type | Ballot ID & Record Holder Name | Shares Accepting | Shares Rejecting |
|---|---|---|---|
| General | #6: FRANK E PUNDERSON, TEE | 0 | 45,455 |
| General | #11: KELLY A. MOYLAN | 41,280 | 0 |
| General | #7: LINDA PUNDERSON | 0 | 45,455 |

**Total for Class 3**

| | |
|---|---|
| Total # of Votes Reported: | 3 |
| Total # of Votes Accepting: | 1 (33.33%) |
| Total # of Votes Rejecting: | 2 (66.67%) |
| Total Value in Shares of Votes Reported: | 132,190 |
| Total Value in Shares Voting to Accept: | 41,280 (31.23%) |
| Total Value in Shares Voting to Reject: | 90,910 (68.77%) |

# EXHIBIT B

**Class 2A**

| Ballot ID & Voter Name | Reason for Invalid Status | Ballot Value | Vote |
|---|---|---|---|
| #21: CONTRARIAN FUNDS, LLC | Aggregated | $503,242.94 | Accept |
| #20: CONTRARIAN FUNDS, LLC | Aggregated | $35,341.66 | Accept |
| #24: PIONEER CREDIT OPPORTUNITES FUND, LP | Aggregated | $953,727.19 | Accept |
| #26: PIONEER CREDIT OPPORTUNITIES FUND, LP | Aggregated | $16,425.00 | Accept |
| #25: PIONEER CREDIT OPPORTUNITIES FUND, LP | Aggregated | $4,131.56 | Accept |
| #23: PIONEER CREDIT OPPORTUNITIES FUND, LP | Aggregated | $435,019.35 | Accept |
| **Total for Class 2A** | | $1,947,887.70 | |