**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| PARTSEARCH TECHNOLOGIES, INC.,[1] | ) |
| | ) Case No. 11-10282 (MG) |
| Debtor | ) |
| | ) |

**ORDER CONFIRMING DEBTOR'S FIRST MODIFIED JOINT PLAN OF
REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

This matter is before the Court for entry of an order (this "Confirmation Order")[2]

confirming the *Debtor's First Modified Plan of Reorganization Under Chapter 11 of the*

*Bankruptcy Code* (together with all exhibits thereto and the Plan Documents (as defined below)

filed with the Court, the "Plan," a copy of which is annexed hereto as **Exhibit A**) dated August

26, 2011 filed by the above captioned debtor and debtor-in-possession (the "Debtor").

On August 25, 2011, the Court approved the *Second Modified Disclosure Statement in*

*Support of the Debtor's First Modified Plan of Reorganization Under Chapter 11 of the*

*Bankruptcy Code* (the "Disclosure Statement"). Based upon this Court's review of (i) the

*Affidavit of Lawton Bloom in Support of the Debtor's First Modified Plan of Reorganization*

*Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Affidavit") filed on September 28,

2011; (ii) the *Declaration of Patrick M. Leathem of The Garden City Group, Inc. Certifying the*

*Methodology for the Tabulation of Votes On and Results of Voting with Respect to the Debtor's*

*First Modified Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Voting

Affidavit") with a "Ballot Tabulation Report" attached thereto as Exhibit A and the "Ballot

---

[1]     The last four digits of the Debtor's taxpayer identification number are: 5335. Partsearch Technologies, Inc. is a Delaware corporation qualified to do business in the State of New York.

[2]     Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

<u>Exclusion Report</u>" attached thereto as Exhibit B filed on September 27, 2011; (iii) the Partsearch

Plan Trust Agreement filed by the Debtor on September 9, 2011 and as amended, on September

28, 2011 and certain other documents comprising the "<u>Plan Documents</u>"; (iv) all of the evidence

proffered or adduced at, objections filed in connection with, and arguments of counsel made at,

the Confirmation Hearing (as defined below); and (v) the entire record of this Chapter 11 Case;

and after due deliberation thereon and good cause appearing therefore, this Court hereby makes

and issues the following findings of fact and conclusions of law.[3]

**THE COURT FINDS AND CONCLUDES**:

A.    <u>Jurisdiction and Venue</u>.    On the Petition Date, the Debtor commenced this

Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy

Code.  The Debtor was and is qualified to be a debtor under Section 109 of the Bankruptcy Code.

Venue in the Southern District of New York was proper as of the Petition Date pursuant to 28

U.S.C. §§ 1408 and 1409, and continues to be proper.    Confirmation of the Plan is a core

proceeding under 28 U.S.C. § 157(b)(2).    This Court has subject matter jurisdiction over this

matter pursuant to 28 U.S.C. § 1334.  This Court has exclusive jurisdiction to determine whether

the Plan complies with the applicable provisions of the Bankruptcy Code and should be

confirmed.

B.    <u>The Plan</u>.  On July 20, 2011, the Debtor filed the *Debtor's Plan of Reorganization*

*Under Chapter 11 of the Bankruptcy Code*, together with the *Disclosure Statement in Support of*

*the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*.  On August 16,

2011, the Debtor filed the *Debtor's First Modified Joint Plan of Liquidation Under Chapter 11*

---

[3]      This Confirmation Order constitutes this Court's findings of fact and conclusions of law under Fed. R. Civ.
P. 52, as made applicable by Bankruptcy Rules 7052 and 9014.  Any and all findings of fact shall
constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law
shall constitute conclusions of law even if they are stated as findings of fact.

2

*of the Bankruptcy Code* and contemporaneously filed a comparison document marked to show changes between the version of the Plan filed on July 20, 2011. Furthermore, on August 16, 2011, the Debtor filed the *First Modified Disclosure Statement in Support of the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* and contemporaneously filed a comparison document marked to show changes between the version of the Disclosure Statement filed on July 20, 2011. On August 24, 2011, the Debtor filed the *Second Modified Disclosure Statement in Support of the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*. The Disclosure Statement as approved by the Court related to the Plan, which is the subject of this Confirmation Order and was the subject of solicitation of votes under Section 1126 of the Bankruptcy Code.

C. <u>Disclosure Statement Order</u>. On August 25, 2011, this Court entered its *Order Granting Motion of Debtor for Order (I) Approving Second Modified Disclosure Statement; (II) Establishing Voting Deadline and Procedures for Filing Objections to Confirmation of Plan; (III) Approving Form of Ballots; and (IV) Establishing Solicitation and Tabulation Procedures* (the "<u>Disclosure Statement Order</u>"). The Disclosure Statement Order, *inter alia*, (i) set October 4, 2011 at 10:00 a.m. (prevailing Eastern time), as the date for the commencement of the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>"); (ii) approved the form and method of notice of the Confirmation Hearing; and (iii) established certain procedures for soliciting and tabulating votes with respect to the Plan. As evidenced in the *Affidavit of Patrick M. Leathem*, the Debtor complied with the service requirements and procedures approved in the Disclosure Statement Order and served (x) to Classes 2a, 2b and 3 (collectively, the "<u>Voting Classes</u>") (i) written notice (the "<u>Confirmation Hearing Notice</u>") of: (a) the Disclosure Statement Order, (b) the deadline and procedures for filing objections to confirmation of the Plan, (c) the

deadline for voting on the Plan, (d) the date of the Confirmation Hearing, and (e) voting procedures; (ii) copies of the Plan and Disclosure Statement (together with the exhibits thereto that had been filed with the Court before the date of the mailing); and (iii) the Ballot (as defined in the Disclosure Statement Order) and a Ballot return envelope (each a "Solicitation Package" and, collectively, the "Solicitation Packages"); and (y) to Class 1 (the "Non-Voting Class"), the Solicitation Package, but without the Ballot or Ballot return envelope (the "Non-Voting Class Package").

D.     Transmittal and Mailing of Materials; Notice.  Due, adequate and sufficient notice of the Disclosure Statement, Plan, Plan Documents and of the Confirmation Hearing, together with all deadlines for voting on or filing objections to the Plan, was given to all known holders of Claims or Interests.  The Disclosure Statement, the Plan, Ballots, Disclosure Statement Order and Confirmation Hearing Notice were transmitted and served in accordance with the Disclosure Statement Order, Bankruptcy Code and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient.  Adequate and sufficient notice of the Confirmation Hearing and the other applicable bar dates and hearings was given in compliance with the Bankruptcy Code, Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required.

E.     Voting Report.  On September 27, 2011, The Garden City Group, Inc. filed with the Court the Voting Affidavit certifying the method and results of the Ballot tabulation of each of the Voting Classes to accept or reject the Plan, the Ballot Tabulation Report certifying results of the Debtor's solicitation of acceptances and rejections of the Plan and the Ballot Exclusion Report noting the Ballots not included in the tabulation and the reasons for such exclusion.

Collectively, the Voting Affidavit, the Ballot Tabulation Report and the Ballot Exclusion Report shall be referred to as the "Voting Report."

F.     Solicitation.  Based upon the Voting Report, votes for acceptance and rejection of the Plan were solicited in good faith and complied with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code, Bankruptcy Rules and all other applicable rules, laws and regulations.

G.     Ballots.   All procedures used to distribute the Solicitation Packages to the applicable holders of Claims and Interests and to tabulate the Ballots were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court for the Southern District of New York and all other applicable rules, laws and regulations.  As evidenced by the Voting Report, all Ballots were properly tabulated.

H.     Good Faith Solicitation.  The Debtor and its directors, officers, agents, affiliates, representatives, attorneys and advisors have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Disclosure Statement Order and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Article XII of the Plan.

I.     Impaired Classes that Have Voted to Accept the Plan.  As evidenced by the Voting Report, which certified both the method and results of the voting, pursuant to the requirements of Sections 1124 and 1126 of the Bankruptcy Code, Classes 2a and 2b have voted to accept the Plan.  As such, all Impaired Classes of Claims, determined without including any acceptance by an insider of the Debtor, have voted to accept the Plan.

J.    <u>Class 1 is Deemed to Accept the Plan</u>.  The Court finds that, under the Plan, Class 1 is unimpaired as that term is defined in Section 1124 of the Bankruptcy Code ("<u>Unimpaired</u>").  Therefore, pursuant to Section 1126(f) of the Bankruptcy Code, Class 1 is conclusively presumed to have accepted the Plan.

K.    <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of this Chapter 11 Case maintained by the clerk of the Court and/or its duly appointed agent (the "<u>Docket</u>") including, without limitation, all pleadings and other documents on file, all orders entered and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

L.    <u>Burden of Proof</u>.  The Debtor, as the Plan proponent, has met its burden of proving the elements of Section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard in this Court.  The Court also finds that the Debtor has satisfied the elements of Section 1129 of the Bankruptcy Code by clear and convincing evidence.

M.    <u>Plan Compliance with Applicable Provisions of the Bankruptcy Code (Section 1129(a)(1))</u>.  The Plan satisfies Section 1129(a)(1) of the Bankruptcy Code because it complies with the applicable provisions of the Bankruptcy Code, including, but not limited to:

N.    <u>Proper Classification (Sections 1122, 1123(a)(1))</u>.  In addition to Administrative Claims and Priority Claims, Article V of the Plan designates three Classes of Claims and one Class of Equity Interest and Subordinated Equity Claims.  As required by Section 1122(a) of the Bankruptcy Code, each Class of Claims and of Equity Interests contains only Claims and Equity Interests that are substantially similar to the other Claims and Equity Interests within that Class.  Thus, the Plan satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

O.    <u>Specification of Treatment of Unimpaired Classes (Section 1123(a)(2))</u>.  Pursuant to Section 1123(a)(2) of the Bankruptcy Code, Article V of the Plan specifies all Classes of Claims that are Unimpaired and Article VI of the Plan specifies the treatment of all Classes of Claims that are Unimpaired.  Thus, the Plan satisfies Section 1123(a)(2) of the Bankruptcy Code.

P.    <u>Specification of Treatment of Impaired Claims (Section 1123(a)(3))</u>.  Pursuant to Section 1123(a)(3) of the Bankruptcy Code, Article V of the Plan specifies all Classes of Claims and Equity Interests that are Impaired and Article VI of the Plan specifies the treatment of all Classes of Claims and Equity Interests that are Impaired.  Thus, the Plan satisfies Section 1123(a)(3) of the Bankruptcy Code.

Q.    <u>No Discrimination (Section 1123(a)(4))</u>.  Pursuant to Section 1123(a)(4) of the Bankruptcy Code, Article VI of the Plan also provides the same treatment for each type of Claim or Equity Interest within a particular Class, unless the holder of a particular Claim or Equity Interest has agreed to different treatment.  Thus, the Plan satisfies Section 1123(a)(4) of the Bankruptcy Code.

R.    <u>Implementation of the Plan (Section 1123(a)(5))</u>.  Pursuant to Section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate and proper means for the Plan's implementation.  Based upon the evidence proffered or adduced at or prior to the Confirmation Hearing, the Debtor will have sufficient Cash to make all payments required to be made on the Effective Date pursuant to the terms of the Plan and the Plan Trust Agreement.  Moreover, Articles IX, X and XI and various other provisions of the Plan specifically provide adequate means for implementing the Plan including, without limitation, the transfer of the Included

Assets to the Reorganized Debtor and the transfer of the Plan Trust Assets to the Plan Trust.[4] Thus, the Plan satisfies Section 1123(a)(5) of the Bankruptcy Code.

S.      <u>Prohibition Against Issuance of Non-Voting Equity Securities and Provisions for Voting Power of Classes of Securities (Section 1123(a)(6))</u>.  The Reorganized Debtor's new organizational documents satisfy the requirements set forth in Section 1123(a)(6) of the Bankruptcy Code.

T.      <u>Selection of Officers and Directors (Section 1123(a)(7))</u>.  Pursuant to Articles IX and X of the Plan and the Plan Trust Agreement, and as identified publicly prior to the Confirmation Hearing, or as otherwise announced at the Confirmation Hearing, the Debtor properly and adequately disclosed the identity and affiliation of all individuals or entities proposed to serve on or after the Effective Date as officers, directors, trustee and any successor thereto in a manner consistent with applicable law, public policy and the interests of creditors and equity holders.  Thus, the Plan satisfies Section 1123(a)(7) of the Bankruptcy Code.

U.      <u>Additional Plan Provisions (Section 1123(b))</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for: (1) releases of various Persons and entities, exculpation of various Persons and entities with respect to actions related to or taken in furtherance of the Chapter 11 Case and injunctions against certain actions against the Debtor, its Estate and its properties; (2) the disposition of executory contracts and unexpired leases; (3) the retention of and right to enforce, sue on, settle or compromise (or decline to do any of the foregoing with respect to) certain claims or causes of action against third parties, to the extent not settled, waived and released under the Plan; (4) the resolution of all Claims and the treatment of

---

[4]      For the avoidance of doubt, Included Assets includes all non-executory nondisclosure agreements entered into with the Debtor.

Disputed Claims; (5) the allowance of certain Claims; (6) indemnification obligations; and (7) the implementation of the Plan Trust, respectively, and the procedures for making distributions pursuant to the Plan.

V.  <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).

W.  <u>Bankruptcy Rule 3016(c)</u>.  The Plan, specifically Article XIII, describes in specific and conspicuous language the injunction, exculpation and limitation of liabilities provided for in the Plan, thereby satisfying Bankruptcy Rule 3016(c).

X.  <u>Debtor's Compliance with Applicable Provisions of the Bankruptcy Code (Section 1129(a)(2))</u>.  The Debtor, as Plan proponent, has complied with all applicable provisions of the Bankruptcy Code, as required by Section 1129(a)(2) of the Bankruptcy Code, including, without limitation, Sections 1122, 1123, 1124, 1125, 1126, 1127 and 1145 of the Bankruptcy Code and Bankruptcy Rules 3016, 3017, 3018 and 3019.  In particular, the Debtor is a proper debtor under Section 109 of the Bankruptcy Code and proper Plan proponent under Section 1121(a) of the Bankruptcy Code.  Furthermore, the solicitation of acceptances or rejections of the Plan:  (1) complied with the Disclosure Statement Order; (2) complied with all applicable laws, rules and regulations governing the adequacy of disclosure in connection with such solicitation; and (3) occurred only after disclosing "adequate information" to holders of Claims or Equity Interests as Section 1125(a) of the Bankruptcy Code defines that term.

Y.  <u>The Plan is Proposed in Good Faith (Section 1129(a)(3))</u>.  The Debtor has proposed the Plan in good faith and not by any means forbidden by law.  The Plan and Plan Documents have been negotiated in good faith, at arm's length and are fair and reasonable in all respects.  In so determining, the Court has examined the totality of the circumstances

surrounding the filing of the Chapter 11 Case, the Plan itself and the process leading to its formulation. The Chapter 11 Case was filed, and the Plan and Plan Documents were proposed, with the legitimate purpose of liquidating and maximizing the value of the Debtor's estate and the recovery to holders of Claims and Equity Interests. Accordingly, the Plan was proposed in good faith pursuant to Section 1129(a)(3) of the Bankruptcy Code.

Z.     Payments for Services or Costs and Expenses are Reasonable and Approved (Section 1129(a)(4)). Pursuant to Section 1129(a)(4) of the Bankruptcy Code, the payments to be made by the Debtor for services or for costs in connection with the Chapter 11 Case, including all administrative expense and substantial contribution claims under Sections 503 and 507 of the Bankruptcy Code, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code. In addition, fees and expenses incurred by Professionals Persons retained by the Debtor or the Committee shall be payable according to the Orders approving such Professional Persons' retention applications, the Plan, and this Confirmation Order.

AA.     Directors, Officers, Trustees and Insiders (Section 1129(a)(5)). The Debtor has complied with Section 1129(a)(5) of the Bankruptcy Code and has disclosed the initial director of the Reorganized Debtor and the process for selecting the officers of the Reorganized Debtor.

BB.     No Rate Changes (Section 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

CC.     Best Interests Test (Section 1129(a)(7)). Based on the evidence that was proffered or adduced at or prior to, or in affidavits in connection with, the Confirmation Hearing,

all holders of Claims or Equity Interests will receive or retain under the Plan as much or more than they would receive if the Chapter 11 Case was converted to a case under Chapter 7 of the Bankruptcy Code.

DD.    Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code (Section 1129(a)(9)).  The treatment of Administrative Claims under Article IV of the Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

EE.    Acceptance by at Least One Impaired Class (Section 1129(a)(10)).  Classes 2a and 2b have voted to accept the Plan and, accordingly, Section 1129(a)(10) of the Bankruptcy Code is satisfied.

FF.    Feasibility of the Plan (Section 1129(a)(11)).  The Plan satisfies Section 1129(a)(11) of the Bankruptcy Code.  Based on evidence proffered or adduced at, or prior to, or in declarations filed in connection with the Confirmation Hearing, the Plan is feasible and confirmation of the Plan is not likely to be followed by the Debtor or the Reorganized Debtor either liquidating or requiring further financial reorganization.  Furthermore, as contemplated under the Plan, the Plan Trust will liquidate those of the Debtor's remaining assets to be transferred to the Plan Trust on the Effective Date, make distributions pursuant to the Plan and the Plan Trust will not carry on a business or trade and only survive for the duration of time required to liquidate or otherwise administer the Debtor's remaining assets.  Thus, the Plan is feasible pursuant to Section 1129(a)(11) of the Bankruptcy Code.

GG.    Payment of Bankruptcy Fees (Section 1129(a)(12)).  In accordance with Section 1129(a)(12) of the Bankruptcy Code, Sections 4.3 and 17.11 of the Plan provide for the payment of all fees payable under 28 U.S.C. § 1930(a).  The Debtor, the Reorganized Debtor and the Plan Trustee, as the case may be, have adequate means to pay all such fees.

HH.     Retiree Benefits (Section 1129(a)(13)).    The Plan does not alter any retiree benefits to the extent any such benefits currently exist.    Thus, the requirements of Section 1129(a)(13) of the Bankruptcy Code are satisfied.

II.     Domestic Support Obligations (Section 1129(a)(14)).    The Debtor is not required to pay any domestic support obligations; accordingly, Section 1129(a)(14) of the Bankruptcy Code is not applicable.

JJ.     Individual Debtor with Objection by Unsecured Claimant (Section 1129(a)(15)).    The Debtor is not an individual; accordingly, Section 1129(a)(15) of the Bankruptcy Code is not applicable.

KK.     Corporation or Trust That is Not Moneyed, Business or Commercial Corporation or Trust (Section 1129(a)(16)).    The Debtor is a moneyed, business or commercial corporation; accordingly, Section 1129(a)(16) of the Bankruptcy Code is not applicable.

LL.     Fair and Equitable; No Unfair Discrimination (Section 1129(b)).    The Plan does not discriminate unfairly and is fair and equitable as to all holders of Impaired Claims and Equity Interests in the Debtor.

MM.     Principal Purpose of the Plan (Section 1129(d)).    The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

NN.     Satisfaction of Confirmation Requirements.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

OO.     Executory Contracts and Unexpired Leases.    The Debtor has exercised reasonable business judgment in determining whether to assume or reject each of its executory contracts and unexpired leases as set forth in Article VIII of the Plan and this Confirmation Order.    Each

assumption or rejection of an executory contract or unexpired lease pursuant to the Plan and this Confirmation Order shall be legal, valid and binding upon the Debtor, the Reorganized Debtor and Plan Trust and all non-Debtor parties to such executory contract or unexpired lease, all to the same extent as if such assumption or rejection had been effectuated pursuant to an appropriate authorizing order of this Court entered before the Confirmation Date under Section 365 of the Bankruptcy Code.

PP.     Approval of Settlements and Compromises.  Pursuant to Bankruptcy Rule 9019 and any applicable federal or state law, and as consideration for the distributions and other benefits provided under the Plan, all settlements and compromises of Claims, causes of action and objections to Claims that are embodied in the Plan constitute good faith compromises and settlements of any Claims, causes of action and objections to Claims, which compromises and settlements are hereby approved as fair, equitable, reasonable and appropriate in light of the relevant facts and circumstances underlying such compromise and settlement, and are in the best interests of the Debtor and its Estate, creditors and other parties in interest.

QQ.     Releases and Discharges.  The injunctions, releases, limitation of liabilities and discharges of Claims and causes of action described in Sections 13.3, 13.4 and 13.5 of the Plan and this Confirmation Order constitute good faith compromises and settlements of the matters covered thereby and are consensual as evidenced by the acceptance of the Plan by Classes 2a and 2b as demonstrated in the Voting Report.  Such compromises and settlements are made in exchange for adequate consideration and are in the best interests of holders of Claims and Interests, are fair, necessary, equitable and reasonable, and are integral elements of the resolution of this Chapter 11 Case in accordance with the Plan.  Each of the discharge, release, indemnification, injunction and exculpation provisions set forth in the Plan and this

Confirmation Order is: (1) within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (2) an essential means of implementing the Plan pursuant to Section 1123(a)(6) of the Bankruptcy Code; (3) an integral element of the transactions incorporated into the Plan; (4) conferring material benefit on, and is in the best interests of, the Debtor, its Estate and its creditors; (5) important to the overall objectives of the Plan to finally resolve all Claims among or against the parties-in-interest in the Chapter 11 Case with respect to the Debtor; and (6) consistent with Sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code.

RR.     <u>Likelihood of Satisfaction of Conditions Precedent to Effectiveness</u>.  Based on the evidence proffered or adduced at, or prior to, or in declarations filed in connection with the Confirmation Hearing, and all other related pleadings, exhibits and other relevant documents, each of the conditions precedent to the Effective Date, as set forth in Article XIV of the Plan, is reasonably likely to be satisfied, unless waived in accordance with the provisions of Article XIV of the Plan.

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT**:

1.     <u>Confirmation of the Plan</u>.  The Plan, in the form annexed hereto as **<u>Exhibit A</u>**, and each of its provisions as may be modified by this Confirmation Order are hereby **CONFIRMED** in each and every respect pursuant to Section 1129 of the Bankruptcy Code.  The terms of the Plan, including all exhibits thereto and the Plan Documents, are incorporated by reference into, and are an integral part of, this Confirmation Order.  The failure specifically to include or to refer to any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of any such provision.  The terms of the Plan, including all exhibits thereto and the Plan Documents, shall be effective and binding as of the Effective Date

of the Plan. Notwithstanding the foregoing, if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be reasonably reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

2.     <u>Objections</u>.   All objections and responses to and statements and comments regarding the Plan, to the extent not already withdrawn, waived or settled, and all reservations of rights included therein, shall be, and hereby are, overruled.

3.     <u>Plan Modifications</u>.   All modifications or amendments to the Plan since the solicitation, as embodied in the Plan filed August 16, 2011, or otherwise filed with the Court or disclosed in open court at or prior to the Confirmation Hearing (to the extent not withdrawn), are approved pursuant to Section 1127(a) of the Bankruptcy Code and do not require re-solicitation under Bankruptcy Rule 3016.

4.     <u>Plan Classification Controlling</u>.   The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of the distributions to be made thereunder. The classifications set forth on the Ballots tendered to or returned by the holders of Claims and Equity Interests in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claim or Equity Interest under the Plan for distribution purposes; (c) may not be relied upon by any holder of a Claim or Equity Interest as representing the actual classification of such Claim or Equity Interest under the Plan for distribution purposes; and (d) shall not bind the Debtor, Reorganized Debtor or Plan Trust.

5.     <u>Operations Between the Confirmation Date and the Effective Date</u>.  During the period from the Confirmation Date through and until the Effective Date, the Debtor shall continue to operate its business as debtor-in-possession, subject to the Bankruptcy Code, the Bankruptcy Rules, the Operating Lease Agreement and all orders of the Bankruptcy Court that are then in full force and effect. All actions taken by the Debtor during the period from the Confirmation Date through the Effective Date shall be, and shall be taken in a manner, consistent in all material respects with the Confirmation Order, this Plan and the Operating Lease Agreement.  Best Buy Co., Inc. shall continue to be liable for the payment of expenses pursuant to the Operating Lease Agreement through the Effective Date, and costs and expenses incurred by the Debtor prior to the Effective Date for which Best Buy Co., Inc. is obligated to reimburse the Debtor pursuant to the Operating Lease Agreement and payable on or after the Effective Date shall be paid by Best Buy Co., Inc. to the Plan Trustee.

6.     <u>Continued Corporate Existence; Vesting of Assets in Reorganized Debtor</u>.  Upon the occurrence of the Effective Date, title to all of the Included Assets, including all of the Debtor's federal income tax attributes, and Assumed Liabilities (and only the Assumed Liabilities) shall vest in the Reorganized Debtor free and clear of all liens, Claims, Causes of Action, interests, security interests and other encumbrances and without further order of the Bankruptcy Court other than the Assumed Liabilities.  On the Effective Date, the Reorganized Debtor shall issue to Best Buy Enterprise Services, Inc., as Sponsor of the Plan one hundred percent (100%) of one hundred (100) New Common Shares in exchange for the Equity Consideration, consisting of Cash in the amount of $1,321,355 for twenty-five (25) New Common Shares and satisfaction of $8,850,000 of the Best Buy Claim, which indebtedness is from the Debtor to Best Buy Enterprise Services, Inc., in exchange for seventy-five (75) New

Common Shares. On and after the occurrence of the Effective Date, the Reorganized Debtor may operate its business and may use, acquire and dispose its assets free of any restrictions of the Bankruptcy Code, subject to the terms of the Plan and Confirmation Order. From and after the Effective Date, (a) the Reorganized Debtor shall have no obligation to pay, satisfy or perform any Excluded Liabilities, and (b) the Plan Trust shall be solely liable for all of the Excluded Liabilities.

7. <u>Corporate Governance</u>. Upon the Effective Date, all of the Debtor's officers and directors in office immediately prior to the Effective Date shall be deemed to have resigned from their positions with the Debtor, without the necessity of any further action or writing by the Court or otherwise) and shall have no further responsibilities, duties and obligations arising after the Effective Date. None of the Debtor's present officers or directors shall have any liability for the acts or omissions of the Plan Trust or Plan Trustee. On the Effective Date, the board of directors of the Reorganized Debtor shall consist of one member, who shall be Todd Hartman. From and after the Effective Date, the officers of the Reorganized Debtor shall be selected and appointed by its board of directors. Upon the occurrence of the Effective Date, the management and operation of the Reorganized Debtor shall be the general responsibility of its board of directors.

8. <u>Transfer of Assets to Plan Trust</u>. Pursuant to Articles IX, X and XI of the Plan, and upon the Effective Date, the Debtor shall (a) be deemed to have transferred the Plan Trust Assets to the Plan Trust, subject to all rights, defenses and setoffs of any party in interest including the Plan Trustee; and (b) make any available distributions to the Plan Trustee, respectively, pursuant to the Plan and the Plan Trust Agreement.

9.     <u>Creation and Implementation of the Plan Trust</u>.   On the Effective Date, (i) pursuant to Article IX of the Plan, a newly-formed Delaware trust with no prior assets or liabilities shall be created to hold the Plan Trust Assets, make certain distributions pursuant to Paragraph 11.2 of the Plan and liquidate or otherwise administer the Plan Trust Assets.  The Plan Trust is authorized and empowered, pursuant to the Plan, including, without limitation, Articles IX, X and XI, and the Plan Trust Agreement, to liquidate or otherwise administer the Plan Trust Assets, respectively.

10.     <u>The Plan Trust Agreement</u>.   The Plan Trust Agreement attached to the Plan, and annexed hereto as **<u>Exhibit</u> <u>B</u>**, and all of its provisions therein are hereby approved by this Confirmation Order.

11.     <u>Wind-Down of 401(k) Plan</u>.   Prior to the Effective Date, the Debtor, and after the Effective Date, the Plan Trustee, shall continue to take actions reasonably necessary to terminate the 401(k) Plan and to distribute all assets held therein in accordance with the terms thereof and the applicable provisions of the IRC and ERISA, including any applicable withholding rules in accordance with the *Order Authorizing Termination of the 401(k) Plan And Granting Related Relief* entered by this Court on May 27, 2011.

12.     <u>Wind-Down of Non-Debtor Subsidiary</u>.   Prior to the Effective Date, the Debtor, and after the Effective Date, the Plan Trustee, shall continue to take actions reasonably necessary to complete the voluntary dissolution of Partstore Technologies, Inc. ("<u>Partstore</u>"), the Debtor's Canadian subsidiary, including as to the entry into the Assignment and Assumption Agreement by and between the Debtor and Partstore.  Upon the Effective Date, any and all intercompany claims that may exist between the Debtor and Partstore shall be extinguished.

13. <u>Cancellation of Liens</u>.  Except as otherwise provided in the Plan or this Confirmation Order, on the Effective Date, any lien securing any Secured Claim shall be deemed released, and the Person holding such Secured Claim shall be authorized and directed, at the expense of the Plan Trustee, as the case may be, to release any collateral or other property of the Debtor held by such Person and to take such actions, at the expense of the Reorganized Debtor or Plan Trustee, as the case may be, as may be requested by the Reorganized Debtor or Plan Trustee, as the case may be, to evidence the release of such lien, including, without limitation, the execution, delivery and filing or recording of such releases as may be requested by the Reorganized Debtor or Plan Trustee at the sole expense of the Reorganized Debtor or Plan Trustee, as the case may be.

14. <u>Ratification</u>.  All actions taken by the Debtor from the Petition Date through the Confirmation Date are hereby ratified.  All actions taken by the Debtor from the Confirmation Date through the Effective Date shall be deemed automatically ratified on the occurrence of the Effective Date.

15. <u>Post-Effective Date Fees and Expenses</u>.  From and after the Effective Date, the Plan Trustee shall, in accordance with the Plan Trust Agreement, but without the necessity for any approval by the Court, pay the reasonable fees and expenses of the professional Persons thereafter incurred by the Plan Trustee related to the implementation and consummation of the Plan (<u>i.e.</u>, fees and expenses that are not Administrative Claims).  Such fees and expenses shall be paid within fifteen (15) days of the Plan Trustee's receipt of the applicable invoice, absent objection by the Plan Trustee.

16. <u>General Authorizations</u>.  Pursuant to Section 17.15 of the Plan, the Debtor, the Reorganized Debtor and the Plan Trustee, as the case may be, are authorized to accept, execute,

deliver, file or record such contracts, instruments, releases, and other agreements or documents without any further act or deed of the Debtor, the board of directors, or the shareholders, and take such actions as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Plan.

17.    <u>Implementation</u>.  All documents and agreements necessary to implement the Plan, including, without limitation, the Plan Documents shall be valid, binding and enforceable documents and agreements.

18.    <u>Effectiveness of All Actions</u>.  Except as otherwise set forth in the Plan or this Confirmation Order, all actions authorized to be taken pursuant to the Plan and the Plan Documents shall be effective on the Effective Date pursuant to this Confirmation Order, without further notice to or action, order or approval of the Court or further action by the respective officers, directors, members or equity holders of the Debtor and with the effect that such actions had been taken by unanimous action of such officers, directors, members or equity holders.

19.    <u>Causes of Action</u>.  Except as otherwise provided in the Plan, all causes of action or claims of the Debtor and its Estate, including all Commercial Tort Claims and causes of action arising under chapter 5 of the Bankruptcy Code, shall, upon the occurrence of the Effective Date, be transferred to, and vested in, the Plan Trust.  For the avoidance of doubt all such causes of action or claims shall be more specifically governed by the Plan and the Plan Trust Agreement. No Person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any cause of action or claim against them as any indication that the Plan Trust will not pursue any and all available causes of action or claims against them.  The Plan Trust reserves all rights in relation to any and all causes of action or claims.  Unless any causes of action or claims are expressly waived, relinquished, exculpated, released, compromised or settled in the

Plan or a Final Order, the Plan Trust reserves all such causes of action or claims for later adjudication and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to such causes of action or claims upon or after the confirmation or consummation of the Plan; provided, however, that preference actions under Section 547 of the Bankruptcy Code against holders of General Unsecured Claims who are not insiders of the Debtor and were not insiders of the Debtor in the two years prior to the Petition Date shall be waived upon the Effective Date.

       20.    <u>Executory Contracts and Unexpired Leases</u>.  On the Effective Date, all executory contracts and unexpired leases will be deemed rejected pursuant to Section 365 of the Bankruptcy Code by the Debtor unless such contracts or leases were either (a) expressly assumed by the Debtor prior to the Confirmation Date, (b) are the subject of a pending motion by the Debtor, as of the Confirmation Date, to assume or (c) are assumed pursuant to the Plan including those listed on Schedule B.1 assumed by the Plan Trust and Schedule B.2 assumed by the Reorganized Debtor, each of which are annexed to the Plan attached hereto as Exhibit A.  The Plan constitutes a motion to reject such executory contracts and unexpired leases and the Debtor have no liability thereunder except as is specifically provided in the Plan.  Each such rejected executory contract or unexpired lease is burdensome and rejection thereof is in the best interests of the Debtor and its Estate.  Accordingly, rejection of such executory contracts and unexpired leases pursuant to Section 365 of the Bankruptcy Code is hereby authorized.  Claims created by the rejection of executory contracts and unexpired leases or the expiration or termination of any executory contract or unexpired lease ("<u>Rejection Damages Claims</u>") not timely filed pursuant to the provisions of Paragraph 8.1 of the Plan are forever barred from assertion and shall not be

enforceable against the Debtor, its Estate or the Plan Trust. All such Claims that are timely filed as provided in Paragraph 8.1 of the Plan shall be treated as General Unsecured Claims under the Plan subject to objection by the Plan Trustee as provided for in the Plan. Notwithstanding anything to the contrary in the Plan, including, without limitation, Paragraph 8.1 of the Plan, this Confirmation Order or the Bar Date Order, all Rejection Damages Claims must be filed with the Claims Agent, and otherwise in accordance with the Plan and the Bar Date Order, by (the "Rejection Damages Claims Bar Date") the first Business Day that is thirty (30) days after service of the Notice of Confirmation.

21.    Provisions Governing Distributions.  The Debtor or Plan Trustee shall make all distributions required under the Plan and the distribution provisions of Article XI of the Plan shall be, and hereby are, approved in their entirety.

22.    Procedures for Resolution of Claims.  The claims resolution procedures and reserves to be established with respect to Disputed Claims and all other provisions of Article XII of the Plan shall be, and hereby are, approved in their entirety.

23.    Discharge, Release, Exculpation, Injunction and Indemnification Obligations. The injunction evidenced in Paragraph 13.3 of the Plan, the releases evidenced in Paragraph 13.4 and 13.5 of the Plan and the exculpation and limitation of liabilities evidenced in Paragraph 13.6 of the Plan are deemed incorporated in this Confirmation Order as if set forth in full herein and are hereby approved in their entirety.  The rights afforded under the Plan and this Confirmation Order and the treatment of Claims and Equity Interests thereunder shall be in exchange for, and in complete satisfaction, discharge and release of, all Claims and satisfaction or termination of all Equity Interests, including any interest accrued on Claims from and after the Petition Date. Except as otherwise expressly provided in the Plan or this Confirmation Order, upon the

occurrence of the Effective Date, the Debtor shall be discharged, effective immediately, from any Claim and any "debt" (as that term is defined in Section 101(12) of the Bankruptcy Code), and the Debtor's liability in respect thereof shall be extinguished completely, whether reduced to judgment or not, liquidated or unliquidated, contingent or noncontingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown, that arose from any agreement of the Debtor entered into or obligation of the Debtor incurred before the Confirmation Date, or from any conduct of the Debtor prior to the Confirmation Date, or that otherwise arose before the Confirmation Date, including, without limitation, all interest accrued and expenses incurred, if any, on any such debts, whether such interest accrued or such expenses were incurred before or after the Petition Date, and including, without limitation, any liability of a kind specified in Bankruptcy Code Sections 502(g), 502(h) and 502(i), whether or not a proof of claim was filed or is deemed filed under Bankruptcy Code Section 501, such Claim is allowed under Bankruptcy Code Section 502 or the Person holding such Claim has accepted the Plan. The discharge granted hereunder shall void any judgment obtained against the Debtor at any time, to the extent that such judgment relates to a discharged Claim. As to the United States, its agencies, departments, or agents (collectively, the "United States"), nothing in this Confirmation Order or the Plan discharges, releases, or precludes: (i) any environmental liability to the United States that is not a "Claim" as defined in 11 U.S.C. § 101(5); (ii) any environmental Claim of the United States arising on or after the Confirmation Date; (iii) any environmental liability to the United States on the part of any of the Debtor as the owner or operator of real property after the Confirmation Date; or (iv) any environmental liability to the United States on the part of any Person other than the Debtor. Nothing in this Confirmation Order or the Plan enjoins or otherwise bars the United States from asserting or

enforcing, outside this Court, any liability described in the preceding sentence.  Notwithstanding any other provision in this Confirmation Order or the Plan, the Court retains jurisdiction, but not exclusive jurisdiction, to determine whether environmental liabilities asserted by the United States are discharged or otherwise barred by this Confirmation Order, the Plan, the Plan Documents or the Bankruptcy Code.  Notwithstanding any provision to the contrary in the Plan, this Confirmation Order and any Plan Documents, nothing in this Confirmation Order or the Plan shall: (1) affect the ability of (i) the Internal Revenue Service ("IRS") or (ii) any governmental taxing authority of any state or commonwealth of the United States or any municipality (collectively, the "Other Taxing Authorities") to pursue to the extent allowed by non-bankruptcy law any non-Debtor for any liabilities that may be related to any federal, state or municipal tax liabilities owed by the Debtor; and (2) affect the rights of the IRS or the Other Taxing Authorities to assert setoff and recoupment and such rights are expressly preserved.

24.     Satisfaction of Claims.    Except as otherwise provided in the Plan or this Confirmation Order, the rights afforded in the Plan and the treatment of all Claims and Equity Interests under the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims and Equity Interests of any nature whatsoever, including any accrued post-petition interest (aside from as provided in Paragraph 6.2 of the Plan), against the Debtor, or its Estate, assets, properties or interests in property.  Except as otherwise provided in the Plan or this Confirmation Order, on the Effective Date, all Claims against and Equity Interests in the Debtor shall be satisfied, discharged and released in full.  Neither the Plan Trust nor the Debtor shall be responsible for any pre-Effective Date obligations of the Debtor, except those expressly assumed by the Plan Trust or Debtor, as applicable.  Except as otherwise provided in the Plan or this Confirmation Order, all Persons shall be precluded and forever barred from asserting against the

Plan Trust, the Plan Trustee, the Debtor, their respective successors or assigns, or its Estate, affiliates, assets, properties or interests in property any event, occurrence, condition, thing or other or further Claims, Equity Interests or causes of action based upon any act, omission, transaction or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date.

25.  <u>Injunctions and Stays</u>.  Except as otherwise provided in the Plan or this Confirmation Order, on and after the Effective Date, all Persons who have held, currently hold or may hold a debt, Claim or Equity Interest discharged pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions on account of any such discharged debt, Claim or Equity Interest: (i) commencing or continuing in any manner any action or other proceeding against the Debtor, its successors or its property; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor, its successors or its respective property; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtor, its successors or its respective property; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due to the Debtor, its successors or its respective property; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.  Notwithstanding anything to the contrary in the Plan or this Confirmation Order but in accordance with the preservation of certain parties' setoff or recoupment rights in this Confirmation Order, all Persons who have held, currently hold or may hold a debt, Claim or Equity Interest discharged pursuant to the terms of the Plan expressly retain and may assert after the Effective Date (i) any defensive right to recoupment and (ii) if

such right has been timely and properly preserved (a) in accordance with applicable law before the Confirmation Date or (b) in accordance with this Confirmation Order, any defensive right to setoff. Any Person injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages from the willful violator. The satisfaction, release and discharge granted pursuant to the Plan and this Confirmation Order shall also act as an injunction against any Person commencing or continuing any action, employment of process or act to collect, offset or recover any Claim or cause of action satisfied, released or discharged under the Plan and this Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by Sections 524 and 1141 thereof. Subject to the discharge granted under Sections 524 and 1141 of the Bankruptcy Code, the injunction described herein shall not preclude police, federal tax or regulatory agencies from fulfilling their statutory duties to the extent permitted under Section 362(b) of the Bankruptcy Code.

26. <u>The Automatic Stay</u>. The stay in effect in the Chapter 11 Case pursuant to Sections 105 or 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunctions set forth in the Plan, this Confirmation Order and/or Sections 524 and 1141 of the Bankruptcy Code; provided, however, that nothing herein shall bar the filing of financing documents (including Uniform Commercial Code financing statements, security agreements, leases, mortgages, trust agreements, bills of sale and applications for vessel registration) or the taking of such other actions as are necessary to effectuate the transactions specifically contemplated by the Plan or by this Confirmation Order prior to the Effective Date.

27. <u>The Committee</u>. On the Confirmation Date, the Committee shall be dissolved and the Committee, its members and its professionals shall automatically be released and discharged from all further authority, duties, responsibilities and obligations arising from or related to the Chapter 11 Case; provided, however, that the Committee shall remain in effect for the purpose of preparing, filing and prosecuting to Final Order any Professional Fee Claims pursuant to the procedures set forth herein and in the Plan.

28. <u>Section 346 Exemption</u>. Section 346 of the Bankruptcy Code shall apply to any taxes that may potentially result from, or may be related to, the events, transactions and occurrences of the Chapter 11 Case and, in particular, pursuant to Section 346 of the Bankruptcy Code, no state or local tax imposed on, or measured by, income shall be imposed on the Debtor, including, but not limited to, franchise taxes to the extent that any such franchise taxes are measured by book or taxable income of the Debtor as a result of the forgiveness or discharge of indebtedness of the Debtor arising from the confirmation and consummation of the Plan, including, but not limited to, undertaking the transactions contemplated by the Plan, or any provision of the Plan or this Confirmation Order.

29. <u>Section 1146 Exemption</u>. Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers made pursuant to the Plan, including any transfers from the Debtor, the Estate or the Plan Trustee to any other Person or entity, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax or other similar tax or government assessment.

30. <u>Exemption from Registration</u>. The issuance and distribution of all of the New Common Shares, when issued or distributed as provided in the Plan, will be duly authorized, validly issued and, as applicable, fully paid and nonassessable. Further, the issuance and

distribution of all of the New Common Shares shall be exempt from the registration requirements of the Securities Act in accordance with Section 1145 of the Bankruptcy Code or, to the extent Section 1145 does not apply, Section 4(2) of the Securities Act.

31. <u>Government Bar Date</u>. The Debtor provided sufficient and adequate notice in accordance with this Court's *Order Establishing Deadline for Filing Proofs of Claim (Including Any Claims Under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* (the "<u>Bar Date Order</u>"), entered on March 2, 2011, of the Government Bar Date (as defined in the Bar Date Order) to all Governmental Units (as defined in the Bar Date Order) including, without limitation, governmental taxing authorities, as such notice was established by and described within the *Certificate of Service of Notice of Deadline Requiring Filing of Proofs of Claim (Including any Claims Under Section 503(B)(9) of the Bankruptcy Code) to all Persons and Entities With Claims Against Partsearch Technologies, Inc.; and Proof of Claim Form* filed by The Garden City Group, Inc. on March 7, 2011.

32. <u>Post-Confirmation Notices and Bar Dates</u>. In accordance with Bankruptcy Rules 2002 and 3020(c), within fifteen (15) calendar days of entry of this Confirmation Order, the Debtor (or its agent) shall give notice of the entry of this Confirmation Order (the "<u>Notice of Confirmation</u>") by United States mail, first class postage prepaid, by hand, or by overnight courier service to all parties having been served with the Confirmation Hearing Notice; provided, however, that no notice or service of any kind shall be required to be mailed or made upon any Person or entity to whom the Debtor mailed a Confirmation Hearing Notice, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address," "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such Person or entity, or are otherwise aware, of that Person's or entity's new address. Mailing

and service of the Notice of Confirmation in the time and manner set forth in this Paragraph 31 are good and sufficient under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c) and no further notice is necessary.

33. <u>Bar Date for Requests for Administrative Claims</u>. Except as set forth in the Plan or this Confirmation Order, the holder of an Administrative Claim, other than (i) a Professional Fee Claim, (ii) a liability incurred and payable in the ordinary course of business by the Debtor (and not past due) or (iii) an Administrative Claim that has been Allowed on or before the Effective Date, must file with the Bankruptcy Court and serve on the Debtor, the Committee, the Office of the United States Trustee and the Plan Trustee, notice of such Administrative Claim within forty (40) days after service of the Notice of Confirmation (the "<u>Administrative Bar Date</u>"). Such notice must include at a minimum (A) the name of the holder of the Claim, (B) the amount of the Claim and (C) the basis of the Claim. Failure to file and serve such notice timely and properly shall result in the Administrative Claim being forever barred and discharged. Objections to any filed request for payment of an alleged Administrative Claim must be filed and served on the claimant and the Debtor on or before the Effective Date and the Plan Trustee after the Effective Date within ninety (90) days of the Administrative Bar Date, whereupon the Bankruptcy Court shall schedule a hearing thereon.

34. <u>Bar Date for Requests for Professional Fee Claims</u>. Each Professional Person who holds or asserts a claim for services rendered to the Estate before the Effective Date (a "<u>Professional Fee Claim</u>") must file with the Bankruptcy Court and serve on the Debtor, Plan Trustee and the Office of the United States Trustee a Professional Fee Application within thirty (30) days after service of the Notice of Confirmation (the "<u>Professional Fee Claim Bar Date</u>"), which Professional Fee Claim shall include an estimate of fees and expenses for the period from

Confirmation Date through the Effective Date. The failure to timely file and serve such Professional Fee Application shall result in the Professional Fee Claim being forever barred and discharged. Objections to any Professional Fee Claim must be filed and served on the claimant, the Debtor, Plan Trustee and the Office of the United States Trustee within fifteen (15) days of the filing of the Professional Fee Claim, whereupon the Bankruptcy Court shall schedule a hearing thereon.

35.     <u>Allowance of Administrative Claims and Professional Fee Claims</u>.     An Administrative Claim with respect to which notice has been properly filed and served pursuant to Paragraph 4.2(a) of the Plan shall become an Allowed Administrative Claim if no objection is filed in accordance with Paragraph 4.2(a) of the Plan or such later date as may be approved by the Bankruptcy Court on motion of a party in interest, without notice or a hearing. If an objection is filed within the ninety (90) day period as described in Paragraph 4.2(a) of the Plan (or any extension thereof), the Administrative Claim shall become an Allowed Administrative Claim only to the extent allowed by Final Order. A Professional Fee Claim in respect of which a Professional Fee Application has been properly filed and served pursuant to Paragraph 4.2(b) of the Plan shall become an Allowed Administrative Claim when, as and if approved by the Bankruptcy Court. Notwithstanding anything to the contrary, entry of this Confirmation Order, or the occurrence of the Effective Date, the Debtor or the Plan Trustee, as the case may be, shall continue to pay any unpaid interim fees and disbursements required to be paid pursuant to the *Order Pursuant to 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* entered on February 25, 2011 (the "<u>Interim Compensation Order</u>").

36.     <u>Payment of Allowed Administrative Claims</u>.  Each Allowed Administrative Claim shall, at the option of the Debtor on or prior to the Effective Date and the Plan Trustee after the Effective Date, receive (i) on the Plan Distribution Date, the amount of such Allowed Claim in Cash from the Estate or the Plan Trust Assets (as the case may be), (ii) with respect to Allowed Administrative Claims representing liabilities incurred in the ordinary course of business by the Debtor, payment when and as such Administrative Claims become due and owing by their ordinary course terms or (iii) such other treatment as may be agreed upon in writing by the Debtor on or prior to the Effective Date, and the Plan Trustee after the Effective Date, and the holder of such Claim; provided, however, that such treatment shall not provide to the holder of such Claim a return having a present value as of the Effective Date in excess of such Allowed Administrative Claim.  If a portion of an Administrative Claim is disputed, the undisputed portion of such Administrative Claim shall be timely paid as provided above.

37.     <u>Third Party Agreements; Subordination</u>.  The Plan distributions to the various classes of Claims and Equity Interests under the Plan shall not affect the right of any Person to levy, garnish, attach or employ any other legal process with respect to such Plan distributions by reason of any claimed subordination rights or otherwise.  All such rights and any agreements relating thereto shall remain in full force and effect, except as otherwise compromised and settled pursuant to the Plan.  Plan distributions shall be subject to and modified by any Final Order directing distributions other than as provided in the Plan.  Subordinated Equity Claims are subordinated pursuant to Bankruptcy Code Section 510(b) for purposes of distribution under the Plan in accordance with Paragraph 6.3 of the Plan.  The right of the Debtor and the Plan Trust, as the case may be, to seek subordination of any Claim or Equity Interest pursuant to Section 510 of the Bankruptcy Code is fully reserved, and the treatment afforded any Claim or Equity Interest

that becomes a Subordinated Equity Claim at any time shall be modified to reflect such subordination. Plan Distributions on account of a Subordinated Equity Claim shall only be made in accordance with Paragraph 6.3 of the Plan.

38. <u>Setoff Rights</u>. In the event that the Debtor has a Claim of any nature whatsoever against the holder of a Claim against the Debtor, then the Debtor and the Plan Trustee, as the case may be, are authorized, but not required to, set off against the Claim (and any payments or other Plan distributions to be made in respect of such Claim under the Plan) the Debtor's Claim against such holder, subject to the provisions of Sections 553, 556 and 560 of the Bankruptcy Code. Neither the failure to set off nor the allowance of any Claim under the Plan shall constitute a waiver or release of any Claims that the Debtor may have against the holder of any Claim. Such setoff rights shall inure to the benefit of the Plan Trust and any successors thereto.

39. <u>Post-Confirmation Modification of the Plan</u>. Paragraph 16.1 of the Plan shall govern any post-confirmation Plan modifications.

40. <u>Authorization to Consummate</u>. The Debtor is authorized to consummate the Plan after entry of this Confirmation Order subject to satisfaction of the conditions precedent to the occurrence of the Effective Date set forth in Paragraph 14.2 of the Plan, or waiver of such conditions pursuant to Paragraph 14.3 of the Plan. The Debtor and the Plan Trust are authorized and directed to execute, acknowledge and deliver such deeds, assignments, conveyances, and other assurances, documents, instruments of transfer, Uniform Commercial Code financing statements, trust agreements, mortgages, indentures, security agreements and bills of sale and to take such other actions as may be reasonably necessary to perform the terms and provisions of the Plan, all transactions contemplated by the Plan, the Plan Documents and all other agreements related thereto.

41. <u>Failure to Consummate the Plan / Non-Occurrence of the Effective Date</u>. If the Effective Date shall not occur, (i) the Plan shall be null and void; (ii) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims against or Equity Interests in the Debtor; (b) prejudice in any manner the rights of the Debtor, including, without limitation, any right to seek a further extension of the exclusivity periods under Section 1121(d) of the Bankruptcy Code; or (c) constitute an admission, acknowledgement, offer or undertaking by the Debtor; (iii) upon the filing of a Notice of Non-Occurrence of Effective Date signed by counsel for the Debtor and the Committee, (x) all assets shall automatically be revested in the Debtor, and (y) the Debtor shall operate its business as debtor-in-possession, subject to the Bankruptcy Code, Bankruptcy Rules and all orders of the Court then remaining in full force and effect; (iv) all actions taken by any person or entity in reliance on the Confirmation Order, prior to the filing of the Notice of Non-Occurrence of Effective Date shall remain valid and enforceable and shall not be subject to subsequent review or ratification by the Court; and (v) Best Buy and the Debtor shall forthwith comply with the *Order Authorizing And Approving (A) Proposed Sale of the Debtor's Assets Free And Clear Of Liens, Claims, Encumbrances And Other Interests, (B) Entry Into And Performance Under The Best Buy Asset Purchase Agreements And Related Agreements, (C) The Assumption And Assignment Of Certain Executory Contracts, And (D) Related Relief* signed by this Court on March 25, 2011 and entered by this Court on March 28, 2011. Upon the occurrence of the Effective Date, the Plan shall be deemed substantially consummated.

42. <u>Filing and Recording</u>. This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Equity Interests existing prior to such date have been unconditionally released, discharged and terminated, and (b) is and shall be

binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other Persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any document or instruments. Each and every federal, state and local government agency is hereby directed to accept any and all documents and instruments necessary, useful or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax or similar tax imposed by state or local law.

43. <u>Retention of Jurisdiction</u>. Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code, and Sections 157 and 1334 of title 28 of the United States Code, notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction after the Effective Date over the Chapter 11 Case and all matters arising out of or related to the Chapter 11 Case, the Plan, this Confirmation Order, or any related agreements and documents including, without limitation, the Plan Documents. Without limiting the generality of the foregoing, the Court shall retain exclusive jurisdiction for the following purposes: (a) to hear and determine any and all objections to the allowance, or requests for estimation, of Claims or the establishment of reserves pending the resolution of Disputed Claims; (b) to consider and act on the compromise and settlement of any Claim against, or cause of action on behalf of, the Debtor or the Estate; (c) to hear and determine any motions pending on the Effective Date to reject any executory contract or unexpired lease and to determine the allowance of any Claim resulting therefrom; (d) to enter such orders as may be

necessary or appropriate in connection with the recovery of the Debtor's assets wherever located; (e) to hear and determine any and all applications for allowance of compensation and reimbursement of expenses; (f) to hear and determine any and all controversies, suits and disputes arising under or in connection with the interpretation, implementation or enforcement of the Plan and any of the documents intended to implement the provisions of the Plan, including, without limitation, this Confirmation Order and the Plan Trust Agreement, or any other matters to be resolved by the Bankruptcy Court under the terms of the Plan or the Plan Trust Agreement; (g) to hear and determine any motions or contested matters involving taxes, tax refunds, tax attributes and tax benefits and similar and related matters with respect to the Debtor arising prior to the Effective Date or relating to the administration of the Case, including, without limitation, matters involving federal, state and local taxes in accordance with Bankruptcy Code Sections 346, 505 and 1146; (h) to hear and determine any and all applications, adversary proceedings and contested matters pending on the Effective Date or that may be commenced thereafter as provided in the Plan; (i) to effectuate distributions under and performance of the provisions of the Plan; (j) to hear and determine any applications to modify any provision of the Plan to the full extent permitted by the Bankruptcy Code; (k) to correct any defect, cure any omission or reconcile any inconsistency in the Plan, the exhibits to the Plan and annexes thereto or any order of the Bankruptcy Court, including the Confirmation Order, as may be necessary to carry out the purposes and intent of the Plan; (l) to determine such other matters as may be provided for in the Confirmation Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law; (m) to enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings issued or entered in connection with the Case or the Plan; (n) to enter such orders as may be necessary or appropriate in aid of

confirmation and to facilitate implementation of the Plan, including, without limitation, any stay orders as may be appropriate in the event that the Confirmation Order is for any reason stayed, revoked, modified or vacated; (o) to determine any other matter not inconsistent with the Bankruptcy Code or the Plan; (p) to resolve any disputes regarding fees and expenses of professionals employed by the Plan Trustee; and (q) to hear and determine any and all controversies, suits and disputes arising under or in connection with any distributions to be made by the Debtor or the Plan Trust. Notwithstanding anything to the contrary, all Persons or entities may seek relief from the Court to exercise any and all rights and remedies available under non-bankruptcy law, which are hereby expressly reserved, for the collection of any distributions to be made by the Debtor or the Plan Trust; provided, however, that good cause must be shown for such relief. During the time period between entry of this Confirmation Order and the Effective Date, all prior orders ("Existing Orders") in these cases shall remain in full force and effect; provided, however, that to the extent there is a conflict between an Existing Order and this Confirmation Order, this Confirmation Order shall control.

44.     Post-Effective Date Effect of Evidences of Claims or Interests.  Except as otherwise provided for in the Plan, notes, bonds, stock certificates and other evidences of Claims against or Equity Interests in the Debtor shall, effective upon the Effective Date, represent only the right to participate in distributions contemplated by the Plan.

45.     Payment of Statutory Fees.  All fees payable pursuant to section 1930 of title 28 of the United States Code, as determined by the Court at the Confirmation Hearing, shall be paid by the Debtor on or before the Effective Date.  From and after the Effective Date, the Plan Trustee shall pay the fees assessed under section 1930 of title 28 of the United States Code until entry of an order closing, converting or dismissing the Chapter 11 Case.  Beginning on the

Effective Date, the Plan Trustee shall be responsible for preparing and filing all post-confirmation reports with the Court. The Debtor shall pay any fees relating to distributions by the Debtor to the Plan Trust, regardless of the date of such distributions.

46. <u>Effective Date</u>. Notwithstanding anything to the contrary in the Plan, the Effective Date of this Plan may be the first Business Day upon which the conditions set forth in Article XIV of the Plan have been satisfied or waived as provided in the Plan, but in no event earlier than the date which is fifteen (15) days after the date of entry of this Confirmation Order.

47. <u>Final Order</u>. Any stay of the Confirmation Order required by Bankruptcy Rule 3020(e) or Bankruptcy Rule 6004(h) is waived. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

Dated: October 5, 2011
      New York, New York

**/s/Martin Glenn**

MARTIN GLENN
United States Bankruptcy Judge
